Law Office of Mohar

The Court is in receipt of Plaintiffs' request for a discovery conference and limited extension of discovery deadlines. Before the Court intervenes, Defendants are obligated to communicate and confer with Plaintiffs in good faith regarding such disputes.

Parties shall promptly confer and update the Court by **November 13, 2026**. The update shall describe:

1) any outstanding disputes and areas of impasse and 2) if Defendants have any objections to Plaintiffs' proposed discovery schedule.

**SO ORDERED.**

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
November 2, 2026

October 30, 2026

**VIA ECF**

The Honorable Jennif
United States Magistr
United States District

**Re:** ***Aminy, et al. v. N***
**<u>Letter Motion fo</u>**

Dear Judge Willis:

This office rep
16(b)(4), Local Civil
respectfully request (
Plaintiffs' discovery deficiency letter dated August 13, 2026, and (2) a limited extension of the remaining discovery deadlines, including a reopening of the deposition period. Defendants have not responded to Plaintiffs' requests for their position (Section 4).

**1. Current Deadlines and Proposed Schedule**

| Deadline | Current | Proposed |
|---|---|---|
| Defendants' supplemental responses and production | — | November 10, 2026 |
| Depositions (reopened) | September 30, 2026 | December 11, 2026 |
| Fact discovery | November 10, 2026 | January 20, 2027 |
| Joint letter re: summary judgment | November 18, 2026 | January 28, 2027 |
| Trial-ready date | January 8, 2027 | March 19, 2027 |

**2. Prior Requests**

The Parties filed two prior joint requests to extend discovery deadlines: the parties' joint letter motions of May 27, 2026 (Dkt. 28; granted, Dkt. 30) and August 14, 2026 (Dkt. 35; granted, Dkt. 36).

**3. Defendants' Failure to Cooperate in Discovery**

Plaintiffs served interrogatories and document requests on November 17, 2025. When Defendants' responses remained outstanding months after their December 17, 2025 due date, and defense counsel did not respond to several requests to meet and confer, Plaintiffs sought the Court's assistance on May 5, 2026 (Dkt. 25).

On August 13, 2026, Plaintiffs served a Rule 37(a)(1) and Local Civil Rule 37.2 letter identifying five deficiencies in Defendants' responses: (a) no W-2s, Forms 941 or NYS-45, or tax returns have been produced, although Defendants' verified responses state that they possess Plaintiffs' W-2s for 2019 through 2023; (b) Defendants answered the interrogatory seeking the

Restaurant's annual gross sales — which bears on FLSA enterprise coverage — "unable to answer"; (c) no NYLL § 195 wage notices or wage statements have been produced; (d) no time or pay records have been produced, and Defendants have not provided the sworn statement regarding allegedly lost records that Plaintiffs' requests require; and (e) Defendants have not identified their tax accountant or other records custodians, although their verified responses state that payroll and sales figures were reported to that accountant. Defendant Mohammad Ayob Aminy has also not verified his interrogatory answers. Plaintiffs requested a cure by August 27, 2026. Defendants have not responded or served any supplemental response.

Plaintiffs have tried to resolve these issues without the Court. On October 21, 2026, this office emailed defense counsel requesting a telephone meet-and-confer by October 23, 2026, again identified each deficiency, served deposition notices for December 3, 2026, and circulated a proposed joint letter on these deadlines. Defense counsel did not respond. On October 30, 2026, this office called defense counsel's office at the number listed on the docket (718-328-0422); no one answered. Because defense counsel did not respond, no meet-and-confer has been possible.

Plaintiffs therefore request a discovery conference and an order directing Defendants, on or before November 10, 2026, to (i) produce the documents identified in items (a) through (e) above, (ii) serve verified supplemental answers to Interrogatories 4 and 20, (iii) for any record Defendants contend is lost, serve a sworn statement describing the record, its custodian, and the circumstances of its loss, and (iv) serve Mohammad Ayob Aminy's verification. Plaintiffs reserve the right to seek preclusion and expenses under Rule 37.

**4. Extension of Deadlines and Reopening of Depositions**

On August 14, 2026, Plaintiffs noticed the depositions of the corporate Defendant (Rule 30(b)(6)) and both individual Defendants for September 9, 2026. Defense counsel did not confirm his clients' availability, and Defendants did not cure the deficiencies identified in Plaintiffs' August 13, 2026 discovery deficiency letter by September 9, 2026. Plaintiffs therefore adjourned the depositions rather than examine Defendants on an incomplete record. On October 21, 2026, Plaintiffs re-noticed the depositions for December 3, 2026.

Good cause under Rule 16(b)(4) turns primarily on diligence, though the Court may also consider prejudice to the opposing party. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). For the expired deposition deadline, excusable neglect under Rule 6(b)(1)(B) is "at bottom an equitable" determination that weighs prejudice, the length of the delay and its impact on the proceedings, the reason for the delay, including whether it was within the movant's reasonable control, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These considerations favor relief. Plaintiffs have pursued discovery diligently, as described above. Defendants will suffer no prejudice: they have not yet deposed Plaintiffs, who will appear within the same period. No trial date has been set. Plaintiffs take responsibility for adjourning the September 9 depositions without first seeking relief, but did so because Defendants had not produced records they acknowledge possessing. Plaintiffs raise the issue before discovery closes.

Plaintiffs respectfully request that the Court (1) adopt the proposed schedule in Section 1; and (2) schedule a discovery conference under Local Civil Rule 37.2 to address the outstanding discovery disputes.

**5. Defendants' Position**

Plaintiffs requested Defendants' position by email on October 21, 2026, and by telephone and email on October 30, 2026. Defendants have not responded.

We thank the Court for its consideration.

Respectfully submitted,

***/s/ Ganlu Chen***
Ganlu Chen, Esq.
*Attorneys for Plaintiffs*